IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

COMPREHENSIVE MANUFACTURING
ASSOCIATES, LLC,

   Plaintiff,

 v.

SUPPLYCORE INC.,

   Defendant.

Civil Action No.
3:15-CV-0835 (TJM/DEP)

---

APPEARANCES: OF COUNSEL:

FOR PLAINTIFF:

COMPREHENSIVE MANUFACTURING
ASSOCIATES, LLC
Terry Deamer, President
2518 NYS Route 12
Chenango Forks, NY 13746

FOR DEFENDANT:

| | |
|---|---|
| HUSCH BLACKWELL LLP<br>555 East Wells Street<br>Suite 1900<br>Milwaukee, WI 53202 | EMILY A. CONSTANTINE, ESQ.<br>WILLIAM E. HUGHES, ESQ. |
| CARTER, CONBOY, CASE,<br>BLACKMORE, MALONEY &<br>LAIRD, P.C.<br>20 Corporate Woods Blvd.<br>Albany, NY 12211 | JESSICA A. DESANY, ESQ.<br>JOHN R. CANNEY, IV, ESQ. |

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## AMENDED REPORT, RECOMMENDATION, AND ORDER

This action involves a contract dispute between two corporations, both of which are engaged in manufacturing. The court recently issued an order in the action granting an application by plaintiff's attorneys for leave to withdraw as counsel of record in the case. In that order, plaintiff Comprehensive Manufacturing Associates, LLC ("Comprehensive"), was directed to retain new counsel within sixty days. Based upon its failure to do so, I now recommend dismissal of all claims brought by Comprehensive against defendant SupplyCore, Inc. ("SupplyCore"). I also recommend that a pending motion brought by SupplyCore for leave to amend its answer be granted, and that default be entered against Comprehensive with respect to the counterclaims asserted by SupplyCore.

I. BACKGROUND

Comprehensive commenced this action on July 8, 2015. Dkt. No. 1. In its currently operative second amended complaint ("SAC"), Comprehensive, a domestic corporation engaged in the business of supplying and assembling fabricated parts, asserted breach of contract claims against SupplyCore, a foreign corporation specializing in armed forces logistics and supply chain management. *See generally* Dkt. No. 61. Specifically, Comprehensive alleges that SupplyCore breached an

agreement between the parties in late 2014 by cancelling existing purchase orders. *Id.*

In its answer to Comprehensive's first amended complaint, Dkt. No. 16, SupplyCore denied the material allegations of the amended complaint and asserted three counterclaims, including (1) unjust enrichment, (2) recoupment, and (3) breach of the implied duty of good faith and fair dealing. Dkt. No. 37 at 12-13. Comprehensive's motion to dismiss those counterclaims was denied by Senior District Judge Thomas J. McAvoy on August 23, 2016. Dkt. No. 53. SupplyCore did not include those counterclaims in its answer to plaintiff's SAC, filed on November 17, 2016, thereby creating uncertainty as to whether they remained in the case. Dkt. No. 69.

On January 25, 2017, plaintiff's attorneys, Coughlin & Gerhart LLP (Paul J. Sweeney and Edward O. Sweeney, of counsel), moved pursuant to rule 83.2(b) of the local rules of practice for this court for leave to withdraw as Comprehensive's counsel of record. Dkt. No. 75. As a basis for the request, Attorney Sweeney advised that Comprehensive ceased its business operations on December 2, 2016, and, as a result of that development, his firm was discharged from representing Comprehensive

any further in this matter.[1] Dkt. No. 75-1 at 1. Neither Comprehensive nor SupplyCore, both of which were served with counsel's motion, objected to the relief sought.

On March 13, 2017, I issued a decision in which I granted Coughlin & Gerhardt LLP's motion to withdraw as plaintiff's attorneys of record. Dkt. No. 79. In that decision, I directed, *inter alia*, Comprehensive to retain new counsel within sixty days from the date of the order and advised that its failure to do so would result in its claims being dismissed and its answer to SupplyCore's counterclaims being stricken to the extent that they remain pending. *Id.* at 8.

On March 16, 2017, SupplyCore moved for leave to file an amended answer reasserting the counterclaims set forth in its answer to Comprehensive's first amended complaint. Dkt. No. 80. The time for responding to that motion was stayed to provide Comprehensive an opportunity to respond once substitute counsel appeared on its behalf. Dkt. No. 82. To date, there has been no appearance in the action by new counsel for Comprehensive.

---

[1] The fact that Coughlin & Gerhart LLP was discharged as counsel for Comprehensive was confirmed in an e-mail communication from Terry Deamer, who is described as the sole member of Comprehensive, to Attorney Sweeney. Dkt. No. 75-1 at 7.

4

II. DISCUSSION

   A. Failure to Retain Substitute Counsel

Subject to exceptions not applicable in this instance, a corporation may not defend itself *pro se* in an action filed in a federal district court, but instead must be represented by counsel. *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (collecting cases); *see also Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997). As one court has observed,

> [w]hile a corporation is a legal entity, it is also an artificial one, existing only in the contemplation of the law; it can do no act, except through its agents. Since a corporation can appear only through its agents, they must be acceptable to the court; attorneys at law, who have been admitted to practice, are officers of the court and subject to its control.

*Brandstein v. White Lamps*, 20 F. Supp. 369, 370 (S.D.N.Y. 1937); *see also Jones*, 722 F.2d at 22.

Because Comprehensive is a corporation and has failed to comply with the court's directive to retain substitute counsel to represent its interests in this action, its claims against SupplyCore should be dismissed, and its answer to SupplyCore's counterclaims should be stricken by the court. *Brandstein*, 20 F. Supp. at 371; *see also Washco v. Events Int'l., Inc.*, No. 88-CV-957, 1989 WL 3819, at *1 (N.D.N.Y. Jan. 17, 1989)

5

(Munson, J.).

### B. Motion for Leave to Amend

SupplyCore now seeks leave, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, to amend its answer to Comprehensive's SAC to clarify that the three counterclaims previously interposed remain in the action. Although the time for Comprehensive to respond in opposition to the motion was stayed, the court deems it unnecessary to extend that time in light of the fact that Comprehensive has failed to appear in the action through substitute counsel and is prohibited from proceeding *pro se*. Accordingly, I have considered SupplyCore's motion as being unopposed.

In relevant part, this court's rules provide as follows:

> Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause is shown.

N.D.N.Y. L.R. 7.1(b)(3). I have accordingly reviewed SupplyCore's motion against this backdrop, and specifically for the purpose of determining whether SupplyCore has demonstrated facial entitlement to the relief requested.

In making that assessment I have considered the liberal amendment

6

standard that applies under Rule 15(a) of the Federal Rules of Civil Procedure. Under that rule, a party may amend its pleading "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Under Rule 15(a), leave to amend ordinarily should be freely granted absent undue delay, bad faith, dilatory tactics, undue prejudice in being served with the proposed pleading, or futility. *Foman v. Davis*, 371 U.S. 178, 182, (1962); *Elma RT v. Landesmann Int'l Mktg. Corp.*, No. 98-CV-0662, 2000 WL 297197, at *3 (S.D.N.Y. Mar. 22, 2000).

As SupplyCore has noted, the courts have not been uniform in their approach to whether counterclaims, once stated, must be reasserted in subsequent answers to amended complaints. *See, e.g., Performance Sales & Mktg. LLC v. Lowe's Cos., Inc.*, No. 07-CV-0140, 2013 WL 4494687, at *3 n.2 (W.D.N.C. Aug. 20, 2013) ("Although Lowe's has yet to file an Answer in response to Plaintiffs' Amended Complaint, it has already set forth its counterclaims within its Answer to the original Complaint."); *Hughes v. Abell*, 867 F. Supp. 2d 76, 91 (D. D.C. 2012) ("An answer and a counterclaim, even if contained in the same document, serve different functions; the counterclaims shares more with a complaint, setting out claims against the other party, than it does with the answer. It was therefore reasonable for Wells Fargo to view the answer and the

7

counterclaims as separate pleadings . . . . It is not especially intuitive that a counterclaim is part of the pleading to which it is attached, nor is it obvious that counterclaims must be re-pled when an answer with counterclaims attached is superseded . . . . Hence, Wells Fargo should not be penalized for failing to restate the Counterclaims when it superseded its answer."); *Cairo Marine Serv., Inc. v. Homeland Ins. Co. of N.Y.*, No. 09-CV-1492, 2010 WL 4614693, at * 1 (E.D. Mo. Nov. 4, 2010) (noting that "[t]here is some confusion among federal district courts regarding whether a party abandons or waives a Counterclaims by failing to re-plead it in its answer to an amended complaint" (citing cases)); *Dunkin' Donuts, Inc. v. Romanias,* No. 00-CV-1886, 2002 WL 32955492, at *2 (W.D. Pa. May 29, 2002) ("Revisions to a complaint do not require revisions to a counterclaim.").

    Even assuming that the counterclaims initially interposed should have been reasserted in SupplyCore's answer to Comprehensive's SAC and are no longer pending, I find good cause to permit the amendment now sought to clarify that the counterclaims remain in the action. Comprehensive has clearly been on notice that SupplyCore intended to pursue its counterclaims, including as a result of a status report filed on January 9, 2017. Dkt. No. 73. Comprehensive has had an opportunity to address and defend against the counterclaims, and indeed, moved

8

unsuccessfully seeking their dismissal. Dkt. Nos. 41, 46, 53. Having considered the factors relevant to the question of whether leave to amend should be granted under Rule 15(a), I conclude that SupplyCore has demonstrated entitlement to the relief sought. Accordingly, I will issue an order permitting the filing of an amended answer, with counterclaims in the form of that set forth as an attachment to SupplyCore's motion. Dkt. No. 80-2.

    C.    <u>Status of Comprehensive Claims and SupplyCore's Counterclaims</u>

As the foregoing reflects, I recommend that Comprehensive's claims against SupplyCore be dismissed based upon its failure to secure substitute counsel as directed by the court. I also recommend that Comprehensive be precluded from answering and defending against SupplyCore's counterclaims, and that the counterclaims set forth in the answer to Comprehensive's SAC, to be filed in accordance with this order, go forward and that Comprehensive be deemed to be in default with respect to those counterclaims.

III.    <u>SUMMARY AND RECOMMENDATION</u>

By its failure to appear through substitute counsel, Comprehensive has effectively abandoned its claims against SupplyCore and forfeited its right to defend against SupplyCore's counterclaims in the action.

Accordingly, it is hereby

ORDERED that SupplyCore's motion for leave to file an amended answer to Comprehensive's SAC (Dkt. No. 80) is granted; SupplyCore is directed to file an amended answer with counterclaims, in the form of the proposed answer included as an attachment to its motion, within fourteen days of the date of this order; and it is further respectfully

RECOMMENDED as follows:

(1) All claims asserted by Comprehensive in its SAC against SupplyCore be dismissed.

(2) Comprehensive be deemed to be in default with respect to SupplyCore's counterclaims, and the clerk should be respectfully directed to enter Comprehensive's default with respect to those counterclaims.

(3) The matter should be set down for further appropriate proceedings regarding damages in connection with SupplyCore's counterclaims against Comprehensive.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:     May 24, 2017
            Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge