UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

COMPREHENSIVE MANUFACTURING
ASSOCIATES, LLC,

                **Plaintiff,**

   v.                                                3:15-CV-835 (TJM/DEP)

SUPPLYCORE INC.,

                **Defendant.**
_____

**THOMAS J. McAVOY,**
Senior United States District Judge

## DECISION & ORDER

### I. INTRODUCTION

Pursuant to the Court's June 22, 2017 Decision and Order, plaintiff Comprehensive Manufacturing Associates, LLC ("CMA") was deemed to be in default with respect to defendant SupplyCore Inc.'s ("SupplyCore") counterclaims of (1) unjust enrichment, (2) recoupment, and (3) breach of the implied duty of good faith and fair dealing. Dkt. # 86. This Decision and Order directed the Clerk of the Court to enter CMA's default with respect to these counterclaims; directed the Clerk of the Court, in consultation with SupplyCore's counsel, to schedule a hearing for the purpose of determining damages on the counterclaims; directed SupplyCore's counsel to file, thirty (30) days in advance of the hearing, any competent evidence that might enable the Court to determine, with reasonable certainty, the amount due by CMA for damages on some or all of the

counterclaims; and indicated that if the additional information was sufficient and unopposed, the Court might decide the amount of damages on the basis of the written submissions alone. *Id.* The Clerk of the Court entered CMA's default on June 28, 2017, dkt. # 87; an evidentiary hearing was set for November 20, 2017, *see* 08/03/17 Text Only Notice; SupplyCore filed a memorandum of law and declaration in support of damages on October 19, 2017, *see* dkt. # 91 & dkt. # 92 (proof of service on CMA); and, upon review of SupplyCore's submissions and seeing no opposition from CMA, the Court issued a Text Only Notice indicating that the matter would be decided on the basis of the submissions alone, *see* 11/09/17 Text Only Notice, bringing the case to its current posture.

## II.  DISCUSSION

### a.  Default Judgment - Liability

A party's default is deemed a concession of all well-pleaded allegations of liability. *See Greyhound Exhibitgroup Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 113 S. Ct. 1049 (1993). Thus, SuplyCore is entitled to a default judgment as to liability against CMA on the counterclaims.

### b.  Default Judgment - Damages

A party's default is not an admission of damages. *Greyhound*, 973 F.2d at 158. The party seeking damages has the burden of establishing its entitlement to recovery. *Coast-To-Coast Produce Co., LLC v. Mountain Fresh Farms, LLC*, No. 1:16-CV-0830 LEK/CFH, 2017 WL 972112, at *1 (N.D.N.Y. Mar. 13, 2017). "While the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing." *Id.* (interior quotation marks and

citations omitted).

SupplyCore's claim for beach of the implied covenant of good faith and fair dealing constitutes a breach of contract claim. *See Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 80 (2d Cir. 2002) (citation omitted) (explaining that "parties to an express contract are bound by an implied duty of good faith, but breach of that duty is merely a breach of the underlying contract."); *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 433-34 n.17 (2d Cir. 2011).  "Under New York law, the normal measure of damages for breach of contract is expectation damages—the amount necessary to put the aggrieved party in as good a position as it would have been had the contract been fully performed." *McKinley Allsopp, Inc. v. Jetborne Int'l*, No. 89 Civ. 1489 (PNL), 1990 WL 138959, at *8 (S.D.N.Y. Sept. 19, 1990).  In addition, a party harmed by a contractual breach is entitled to recover "any benefit conferred by it upon the breaching party as a result of the existence of the contract between them[.]"  *McLean-Laprade v. HSBC*, No. 7:12-CV-1774 LEK/ATB, 2013 WL 3930565, at *5 (N.D.N.Y. July 30, 2013) (quoting *Kenford Co. v. Erie Cty.*, 67 N.Y.2d 257, 260, 493 N.E.2d, 234 (N.Y. 1986)).

As explained in the Declaration of Brandon Lepke, as a result of CMA's breach of contract SupplyCore was required to find a replacement contractor.  That replacement contractor charged SupplyCore $598,068.52 to provide CMA with 1,808 sprocket wheels, which is $198,102.76 more than it would have cost SupplyCore had CMA provided the sprocket wheels under the contracts between SupplyCore and CMA.  *See* Lepke Decl., ¶¶ 9-15.  Had CMA satisfied its contractual obligations to SupplyCore, SupplyCore would not have incurred this additional cost.  Accordingly, SupplyCore is

entitled to $198,102.76 in order to be placed in the position that it would have enjoyed but for CMA's breach.

In addition, as a result of the contracts between SupplyCore and CMA, SupplyCore made advance payments totaling $91,984.40 to CMA. Lepke Decl., ¶¶ 5-9. Despite its refusal to perform its contractual obligations, CMA wrongfully retained this amount. *Id.* Under New York law, SupplyCore is entitled to return of the full $91,984.40 that it paid to CMA. *See McLean-Laprade*, 2013 WL 3930565, at *5.

In sum, SupplyCore was damaged by CMA in the total amount of $290,087.16. SupplyCore is entitled to default judgment in this amount.

### c. Prejudgment Interest

"Under New York law, prejudgment interest is recoverable 'upon a sum awarded because of a breach of performance of a contract." *Am. Empire Surplus Lines Ins. Co. v. EM & EM Chimney & Masonry Repair Inc.*, No. 16-CV-1541 ADS/AYS, 2017 WL 4118390, at *4 (E.D.N.Y. Aug. 30, 2017), *report and recommendation adopted*, No. 16-CV-1541 ADS/AYS, 2017 WL 4119266 (E.D.N.Y. Sept. 15, 2017) (quoting N.Y. C.P.L.R. § 5001(a)). The decision to award prejudgment interest is a discretionary matter for the Court. *Id.* (citing *Endico Potatoes, Inc. v. CIT Grp./Factoring, Inc.*, 67 F.3d 1063, 1071 (2d Cir. 1995)).

If prejudgment interest is awarded, the rate of interest under New York law is nine percent (9%) per annum, accruing "from the earliest ascertainable date the cause of action existed." *Am. Empire Surplus Lines Ins. Co.*, 2017 WL 4118390, at *4 (citing N.Y. C.P.L.R. §§ 5001(b), 5004). "A claim for breach of contract accrues upon the date of

4

breach." *Id.* (citing *Guilbert v. Gardner*, 480 F.3d 140, 149 (2d Cir. 2007).

In the instant case, CMA breached its implied obligation of good faith and fair dealing when it refused to permit federal government inspectors to observe manufacturing at its facilities in February 2015. Lepke Decl., ¶ 7. As a result of CMA's actions, SupplyCore issued a stop work order to CMA on March 4, 2015. *Id.* By no later than that date, it was clear that CMA was breaching its contractual obligations to SupplyCore and that CMA's conduct was preventing SupplyCore from enjoying the benefits of the parties' contracts. Accordingly, SupplyCore's claim for breach of the implied obligation of good faith and fair dealing accrued no later than that date. Therefore, SupplyCore is awarded prejudgment interest in the amount of 9% per annum from March 4, 2015 to the date of entry of judgment.

### IV.   CONCLUSION

For the foregoing reasons, defendant SupplyCore Inc. is **GRANTED** default judgment against plaintiff Comprehensive Manufacturing Associates, LLC in the amount of $290,087.16, and awarded prejudgment interest in the amount of 9% per annum from March 4, 2015 to the date of entry of judgment.

**IT IS SO ORDERED.**

Dated: June 12, 2018

Thomas J. McAvoy
Senior, U.S. District Judge

5